In re AGENCY FOR DEPOSIT INSUR-
ANCE, REHABILITATION, BANK-
RUPTCY AND LIQUIDATION OF
BANKS, as Bankruptcy Administrator
of Jugobanka A.D., Beograd and Beo-
gradska Banka A.D., Beograd, Peti-
tioner–Appellant,

v.

SUPERINTENDENT OF BANKS OF
the STATE OF NEW YORK,
Respondent–Appellee.

Nos. 03 Civ. 9320(JSR),
03 Civ. 9321(JSR).

United States District Court,
S.D. New York.

June 8, 2004.

Christopher J. Major, Stephen H. Gross, Thomas J. Donlon, Robinson & Cole, L.L.P., New York, NY, Houston Putnam Lowry, Brown & Welsh, P.C., Meriden, CT, for Debtors and Appellants.

William J. Snipes, Sullivan & Cromwell, Shari Debra Leventhal, Federal Reserve Bank of New York, Neal Fellenbaum, Zeg-en & Fellenbaum, Andrew Damian O'Toole, U.S. Attorney's Office, James P. Greenhalgh, New York, NY, for Appellees.

Carolyn Schwartz, The Office of the United States Trustee, New York, NY, for Trustee.

## OPINION AND ORDER

RAKOFF, District Judge.

In the underlying litigation from which this appeal is taken, the Agency for Deposit Insurance, Rehabilitation, Bankruptcy and Liquidation of Banks (the "Agency"), a foreign administrator of two failed Yugoslavian banks, Jugobanka A.D. Beograd and Beogradska Banka A.D. Beograd (the "Banks"), petitioned the Bankruptcy Court for injunctive and other equitable relief preventing the Superintendent of Banks of the State of New York (the "Superintendent"), who has putative control over the assets of the failed Banks' New York branches, from giving preference to New York creditors. (The background of the underlying petition is set forth in more detail in this Court's Memorandum Order of March 1, 2004, full familiarity with which is here presumed.) By order dated November 3, 2003, the Honorable Cornelius Blackshear, United States Bankruptcy Judge, dismissed the Agency's petitions on the ground that § 109 of the Bankruptcy Code, 11 U.S.C. § 109, expressly excludes foreign banks from the definition of who may be a "debtor." In so doing, the Bankruptcy Court erred, since the relief sought by the Agency is, under § 304 of the Code, available to any qualified "foreign representative," whether or not a "debtor."

Specifically, the Agency's standing to seek the relief sought in the underlying petitions derives from its role as a representative of the failed Banks in the foreign bankruptcy proceeding presently ongoing in the State Union of Serbia and Montenegro, in which all the Banks' assets (—and not just those of these New York branches—) are being marshaled for distribution.

To foster the smooth interaction of such foreign bankruptcy proceedings with overlapping domestic proceedings such as those presently before Judge Blackshear in this case, Congress, as part of the Bankruptcy Reform Act of 1978, enacted § 304 of the Code, which reads in relevant part as follows:

> (a) A case ancillary to a foreign proceeding is commenced by the filing with the bankruptcy court of a petition under this section by a foreign representative.
>
> (b) Subject to the provisions of subsection (c) of this section, if a party in interest does not timely controvert the petition, or after trial, the court may—
>
> (1) enjoin the commencement or continuation of—
>
> (A) any action against—
>
> (i) a debtor with respect to property involved in such foreign proceeding; or
>
> (ii) such property; or
>
> (B) the enforcement of any judgment against the debtor with respect to such property, or any act or the commencement or continuation of any judicial proceeding to create or enforce a lien against the property of such estate;
>
> (2) order the turnover of the property of such estate, or the proceeds of such property, to such foreign representative; or
>
> (3) order other appropriate relief.

11 U.S.C. § 304. Thus, on its face, § 304 requires only that a petitioner be an authorized "foreign representative" filing pursuant to a proper "foreign proceeding," which undisputably is the case here. *See, e.g., In re Trakman,* 33 B.R. 780, 783 (Bankr.S.D.N.Y.1983).

The learned judge below was apparently misled by the fact that a different provision of the Code, § 109, states that "[a] person may be a debtor under chapter 7 of this title only if such a person is not . . . (3)

a foreign insurance company, bank, savings bank ... engaged in such business in the United States." However, this provision is completely irrelevant to the instant issue, because it says nothing whatever about who is a "foreign representative" who, under § 304, may bring a "petition" for injunctive and other relief that is "ancillary to a foreign proceeding."

 While the plain language of § 304 compels the result here reached—and that is sufficient by itself, *see, e.g., Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)—the result is equally consonant with the purpose of that section. As mentioned, the purpose of 304 is to allow "foreign bankrupts to prevent piecemeal distribution of assets in this country by filing ancillary proceedings in domestic bankruptcy courts." *Victrix S.S. Co., S.A. v. Salen Dry Cargo, A.B.*, 825 F.2d 709, 714 (2d Cir.1987). The legislative history of § 304 confirms that Congress sought to assist foreign debtors in marshaling their assets to allow for a single, coordinated foreign distribution. *See* S.Rep. No. 95–989, at 35 (1978), *reprinted in* 1978 U.S.C.C.A.N 5787, 5821 ("[W]here a foreign bankruptcy case is pending concerning a particular debtor and that debtor has assets in this country, the foreign representative may file a petition under this section, which does not commence a full bankruptcy case, in order to administer assets located in this country, to prevent dismemberment by local creditors of assets located here, or for other appropriate relief."). The fact that, under § 109, a foreign bank cannot avail itself of the full benefits of Chapter 7 liquidation in the United States in no way implies that its estate may not obtain the benefits of a foreign bankruptcy by invoking the remedies afforded by § 304.

 While the Bankruptcy Court therefore erred in determining that the Agency was barred from seeking relief pursuant to § 304, it does not follow that the Agency is necessarily entitled to such relief. This is a determination best made by the Bankruptcy Court in the first instance, and one that may need to be made on a fuller record than that which was before the Bankruptcy Court when it dismissed the instant petition. *See In re Treco*, 240 F.3d 148, 154–55 (2d Cir.2001). Accordingly, the Court vacates the Bankruptcy Court's order dismissing the Agency's petitions under § 304 and remands the case for further proceedings consistent with this opinion. Clerk to enter judgment.

SO ORDERED.